UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KHURSHEED HAIDER,<br><br>Defendant. | No. 2:23-cr-00299-TLN<br><br>**ORDER** |

This matter is before the Court on the Government's Motion to Revoke the Magistrate Judge's Order Authorizing Defendant Khursheed Haider's ("Defendant") Pretrial Release. (ECF No. 14.) Defendant filed an opposition. (ECF No. 18.) The Government filed a reply. (ECF No. 19.) For the reasons set forth below, the Court GRANTS the Government's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2023, a grand jury returned a two-count indictment charging Defendant with distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and possession of child pornography involving prepubescent minors and minors under the age of 12 in violation of 18 U.S.C. § 2252(a)(4)(B). (ECF No. 11.) That same day, Defendant was arraigned and pleaded not guilty before a magistrate judge. (ECF No. 13.) The magistrate judge ordered Defendant released on a $500,000 collateral bond secured by the available equity in Defendant's residential property, with pretrial supervision and special conditions of release. (*Id.*) The magistrate judge also granted the Government's request to stay the release order pending this Court's review. (*Id.*) The Government filed the instant motion to revoke the release order on December 1, 2023. (ECF No. 14.) The Court reviewed the motion and set a briefing schedule. (ECF No. 15.) The matter is now fully briefed.

### II. STANDARD OF LAW

"If a person is ordered released by a magistrate judge . . . the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a). Under this provision, the district court conducts its own *de novo* review of the magistrate judge's detention order. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). The district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193.

### III. ANALYSIS

In moving to revoke the magistrate judge's release order, the Government repeats many of the same arguments raised in its original briefing before the magistrate judge. (ECF No. 10.) First, the Government argues the conditions outlined in the Supplemental Pretrial Services Report do not sufficiently mitigate the grave danger Defendant poses to the community given his position as a physician, access to children, and access to resources to further his crimes. (ECF No. 14 at 6.) Second, the Government argues Defendant poses a flight risk due to his access to financial resources, meaningful family-based international ties, and frequent travel. (*Id.*)

In his original motion for bail review, which mirrors his opposition to the instant motion, Defendant states he "is a respected and responsible member of the community in general and the medical community in particular." (ECF No. 9 at 1.) He also argues he has no criminal history. (*Id.*) As to the Government's concerns about danger to Defendant's minor children, Defendant indicates he is willing to live away from his residence and only contact his children with an adult present. (*Id.* at 2.) Defendant also notes he does not treat minors in his position as an Intensive Care Unit physician. (*Id.*) As to the Government's concerns about flight risk, Defendant states he is willing to post a bond up to $1 million, he has resided in Sacramento for a decade and has deep roots in the community, his children attend local schools, and he is employed at North Bar Hospital in Fairfield. (*Id.*) Defendant also asserts he is willing to surrender his passports. (*Id.*) Lastly, Defendant agrees to comply with all conditions of release, including the prohibition against possessing or using any smartphone or computer connected to the internet. (*Id.* at 3.)

At the outset, it is undisputed that Defendant is charged with an offense involving a minor victim as enumerated in 18 U.S.C. § 3142(e)(3)(E). As such, a rebuttable presumption arises that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3). While the burden of production shifts to Defendant, the burden of persuasion remains with the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

If the Court finds Defendant has proffered evidence to rebut the presumption of dangerousness and flight, the Court then considers four factors in determining whether release is appropriate: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in §

3

3142(g)." *Hir*, 517 F.3d at 1086.  A court's finding that a defendant is a danger to any other person and the community must be supported by "clear and convincing evidence."  18 U.S.C. § 3142(f)(2).  The government bears the burden of showing a defendant is a flight risk by a preponderance of the evidence.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

The Court has reviewed the filings in this case — including the Pretrial Services Reports — and concludes there is no condition or combination of conditions that will reasonably assure Defendant's appearance and the safety of the community.

First, despite Defendant's willingness to surrender his passports, the Court shares the Government's concerns about Defendant's flight risk based on his financial resources and international family ties.  The Government also indicates Defendant misled Pretrial Services about the nature and extent of his previous international travels.  (ECF No. 19 at 2.)  While Defendant told Pretrial Services he only made "five or so" international trips since 2009, the Government represents Defendant has taken at least 14 trips abroad since 2014.  (*Id.*)

Second, the Court is deeply concerned about the danger Defendant poses to the community.  The Government alleges Defendant described in graphic detail ways he would like to sexually abuse children and see infants and toddlers being raped, bound, and otherwise sexually abused.  (ECF No. 10 at 1–2.)  The Government further alleges Defendant viewed videos of young children being raped.  (*Id.* at 2.)  Defendant's youngest children, aged 3 and 5, fall within the same age range as the victims in the videos he allegedly viewed being sexually abused.

In opposition, Defendant's wife provides a declaration asserting a Health and Human Services ("HHS") Employee interviewed the family and orally expressed she had no concern about the safety of the children if Defendant were released, and Defendant's wife also reported to Pretrial Services that Child Protective Services ("CPS") cleared Defendant to return home to reside with his minor children.  (ECF No. 18 at 6.)  The Government argues Defendant's representations are false, but indicates it is unable to disclose the information it has received from CPS due to California Welfare and Institutions Code § 827.  (ECF No. 19 at 3.)  On December 11, 2023, the Court contacted the Placer County Office of County Counsel directly and asked two isolated questions: (1) Whether an HHS employee told Defendant's wife there was no concern

about the safety of the children should Defendant be released to reside in the family residence; and (2) Whether CPS told Defendant's wife that Defendant could return home to reside with his minor children. The Deputy County Counsel responded "no" to both questions. As such, it appears Defendant's wife misled Pretrial Services and attempted to mislead the Court. Based on the current record, the Court is extremely concerned about the danger that may result if Defendant has access to his minor children.

In addition, "the effectiveness of the proposed release conditions, or any conditions that might be imposed, necessarily depends on [Defendant's] good faith compliance." *Hir*, 517 F.3d at 1093. If released, the Court is concerned about Defendant's ability to access the internet either on one of his family member's devices, or some other device, to access child pornography that will cause further harm. *See Paroline v. United States*, 572 U.S. 434, 457 (2014) (stating child pornography "produces concrete and devastating harms for real, identifiable victims"); *United States v. Marigny*, No. 20-MJ-70755-MAG-1, 2020 WL 4260622, at *3 (N.D. Cal. July 24, 2020) ("While phones and computers may be placed out of reach to limit Defendant's Internet access, they are overwhelmingly available in the community such that Defendant could gain access to the Internet with virtually no supervision and pretrial services would not be sufficiently alerted of Defendant's breach of his conditions"); *United States v. Baker*, No. 4:23-CR-00261-BLW-2, 2023 WL 8254717, at *5 (D. Idaho Nov. 29, 2023) ("The Court fails to see how imposing a condition of release regarding internet use would gain voluntary compliance from Baker when criminal statutes prohibiting child exploitation and the possession of child pornography allegedly have not."). The Government also indicates Defendant misrepresented to Pretrial Services that his employer does not have internet services. Defendant's repeated misrepresentations suggest he cannot be trusted to comply with conditions of release.

Lastly, based on her misrepresentation regarding the CPS report, the Court is also not convinced Defendant's wife would be a proper third-party custodian of Defendant. Although Defendant's wife promises she will retain passwords on the family's devices and never leave her children unsupervised with Defendant, the Court doubts whether such constant monitoring is likely or even feasible.

Moreover, even if Defendant had rebutted the statutory presumption that no condition or combination of conditions will reasonably assure his appearance or the safety of the community, the § 3142(g) factors weigh against release.  As to the nature and circumstances of the offense charged, Defendant is alleged to have committed an extremely serious crime involving the sexual abuse of minor victims, including toddlers and infants.  As to the weight of the evidence, although this is the "least important of the various factors," the Court is still required to consider the evidence in terms of the likelihood Defendant will pose a danger.  *Hir*, 517 F.3d at 1090.  The Government indicates substantial evidence of child pornography has been found — and continues to be found — on Defendant's devices as well as the Wire application. (ECF No. 14 at 6.)  As to dangerousness, the Court already discussed at length its serious concerns that Defendant poses a danger to the community based on his access to minor children and the internet.  Finally, as to Defendant's history and characteristics, nothing currently before the Court as to this factor outweighs the other factors that weigh heavily against release.

Accordingly, considering the statutory presumption and the § 3142(g) factors, the Court concludes the Government has shown by clear and convincing evidence that Defendant poses a danger to the community, by a preponderance of the evidence that Defendant is a flight risk, and that no condition or combination of conditions will reasonably assure Defendant's appearance or the safety of the community.

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion (ECF No. 14), REVOKES the magistrate judge's release order, and ORDERS Defendant to remain detained.

IT IS SO ORDERED.

Date:  December 11, 2023

Troy L. Nunley
United States District Judge