PHILLIP A. TALBERT
United States Attorney
ALEXIS KLEIN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:23-CR-00299 TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| KHURSHEED HAIDER, | DATE: September 19, 2024<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, Alexis Klein, and defendant, Khursheed Haider, by and through defendant's counsel of record, Mark Reichel, hereby stipulate as follows:

1.  By previous order, this matter was set for status on September 19, 2024, and time has been excluded through and including September 19, 2024. ECF 38.

2.  By this stipulation, defendant now moves to continue the status conference until December 5, 2024, and to exclude time between September 19, 2024, and December 5, 2024, under Local Code T4.

3.  The parties agree and stipulate, and request that the Court find the following:

    a)  The government has produced and made available for inspection voluminous discovery in this case, including evidence seized from several electronic devices. Other discovery, including reports, has also been produced to the defense under the protective order

governing discovery in this matter (*see* ECF 23).

      b)    Counsel for defendant desires additional time to consult with his client, review current charges, conduct investigation and research related to the charges, to discuss potential resolutions with his client, and otherwise prepare for trial.

      c)    Additionally, counsel for the defendant is expending a good deal of time attempting to locate and retain an expert in the mental health field; the available experts are out of state and facilitating the review of defense materials and any potential examination of the defendant is cumbersome and complex. This is all part of counsel's pre-trial investigation, which provides further grounds for the proposed continuance in this case.

      d)    Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e)    The government does not object to the continuance.

      f)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 19, 2024 to December 5, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: September 16, 2024 | PHILLIP A. TALBERT<br>United States Attorney |
| | /s/ ALEXIS KLEIN<br>ALEXIS KLEIN<br>Assistant United States Attorney |
| Dated: September 16, 2024 | /s/ MARK REICHEL<br>MARK REICHEL<br>Counsel for Defendant<br>KHURSHEED HAIDER |

## FINDINGS AND ORDER

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court vacates the September 19, 2024 status conference and resets the matter for a status conference on December 5, 2024, at 9:30 a.m. The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between September 19, 2024, and December 5, 2024, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from September 19, 2024, to and including December 5, 2024, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO FOUND AND ORDERED this 16th day of September, 2024.

_____
Troy L. Nunley
United States District Judge