PHILLIP A. TALBERT
United States Attorney
ALEXIS KLEIN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KHURSHEED HAIDER,<br><br>Defendant. | CASE NO. 2:23-CR-00299 DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE:  January 10, 2025<br>TIME:   9:30 a.m.<br>COURT: Hon. Dena M. Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, Alexis Klein, and defendant, Khursheed Haider, by and through defendant's counsel of record, Mark Reichel, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 10, 2025, before the Honorable Dena M. Coggins. Time has been excluded through and including January 10, 2025. ECF 43.

2. By this stipulation, defendant now moves to continue and reset the status conference to February 21, 2025, before Judge Coggins, and to exclude time between January 10, 2025, and February 21, 2025, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has produced and made available for inspection voluminous discovery in this case, including evidence seized from several electronic devices. Other

1

discovery, including reports, has also been produced to the defense under the protective order governing discovery in this matter (*see* ECF 23).

  b)  Counsel for defendant desires additional time to consult with his client, review current charges, conduct investigation and research related to the charges, to discuss potential resolutions with his client, and otherwise prepare for trial.

  c)  Counsel for the defendant had also been continuing to expend a good deal of time attempting to locate and retain an expert in the mental health field; the available experts are out of state and facilitating the review of defense materials and any potential examination of the defendant is cumbersome and complex.

  d)  Moreover, counsel for the defendant has continued to work to obtain mitigation evidence as part of the defense investigation and research of the charges, which is ongoing, time consuming, and important to defense preparation. The defendant's family has been assisting with this investigation and the project is not finished. Defense counsel has also been obtaining investigative items from out of state, which is ongoing and counsel continues to need more time to adequately prepare and obtain these materials. This is all part of counsel's pre-trial investigation, which provides further grounds for the proposed continuance in this case.

  e)  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  f)  The government does not object to the continuance.

  g)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  h)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 10, 2025 to February 21, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best

interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 8, 2025

PHILLIP A. TALBERT
United States Attorney

/s/ ALEXIS KLEIN
ALEXIS KLEIN
Assistant United States Attorney

Dated: January 8, 2025

/s/ MARK REICHEL
MARK REICHEL
Counsel for Defendant
KHURSHEED HAIDER

## FINDINGS AND ORDER

The Court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, adopts the parties' stipulation in its entirety as its order. The Court vacates the status conference set for January 10, 2025 and resets the status conference on February 21, 2025, at 9:30 a.m. in Courtroom 8. The parties should be prepared to go forward on the new date. The Court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between January 10 and February 21, 2025, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from January 10, 2025, to and including February 21, 2025, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO ORDERED.

Dated: **January 8, 2025**

Dena Coggins
United States District Judge

3