MICHELE BECKWITH
Acting United States Attorney
ALEXIS KLEIN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KHURSHEED HAIDER,<br><br>Defendant. | CASE NO. 2:23-CR-00299 DC<br><br>~~AMENDED~~ STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ~~[PROPOSED]~~ FINDINGS AND ORDER<br><br>DATE:  May 16, 2025<br>TIME:  9:30 a.m.<br>COURT: Hon. Dena M. Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, Alexis Klein, and defendant, Khursheed Haider, by and through defendant's counsel of record, Mark Reichel, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 16, 2025, before the Honorable Dena Coggins. Time has been excluded through and including May 16, 2025. ECF 57.

2. By this stipulation, defendant now moves to continue and reset the status conference to June 13, 2025, before Judge Coggins, and to exclude time between May 16, 2025, and June 13, 2025, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has extended a plea agreement to the defendant. Counsel for defendant desires additional time to consult with his client, review current charges, conduct

investigation and research related to the charges, to discuss potential resolutions with his client, and otherwise prepare for trial.

    b)    The defendant was supposed to be transported to Court on May 16, for a change of plea hearing. The defendant is housed in a jail in Taft, California. There was a problem with arranging transport, so the defendant will now be unavailable for the previously scheduled May 16 hearing. Because of this, the defense needs additional time to continue to prepare for the change of plea hearing, including continuing to investigate, discuss, and review possible defenses and mitigating evidence related to the charges in this case.

    c)    The government has produced and made available for inspection voluminous discovery in this case, including evidence seized from several electronic devices. Other discovery, including reports, has also been produced to the defense under the protective order governing discovery in this matter (*see* ECF 23).

    d)    Counsel for the defendant has continued to work to obtain mitigation evidence as part of the defense investigation and research of the charges, which is ongoing, time consuming, and important to defense preparation. The defendant's family has been assisting with this investigation and the project is not finished. Defense counsel has also been obtaining investigative items from out of state, which is ongoing and counsel continues to need more time to adequately prepare and obtain these materials. This is all part of counsel's pre-trial investigation, which provides further grounds for the proposed continuance in this case.

    e)    Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    f)    The government does not object to the continuance.

    g)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 16, 2025 to June 13, 2025,

inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  May 15, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ ALEXIS KLEIN
ALEXIS KLEIN
Assistant United States Attorney

Dated:  May 15, 2025

/s/ MARK REICHEL
MARK REICHEL
Counsel for Defendant
KHURSHEED HAIDER

**FINDINGS AND ORDER**

The court, having received, read, and considered the parties' stipulation, and good cause appearing therefrom, ADOPTS the parties' stipulation. The change of plea hearing set for May 16, 2025, is RESET for June 13, 2025, at 9:30 a.m., in Courtroom 8 before the Honorable Dena M. Coggins. The court also finds that based on the facts set forth in the parties' stipulation, the failure to exclude time between May 16 and June 13, 2025, would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The court further finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Time from May 16, 2025, to and including June 13, 2025, is excluded from the computation of time within which the trial of this case must commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Code T-4.

IT IS SO ORDERED.

Dated: __May 15, 2025__

_____
Dena Coggins
United States District Judge