MICHELE BECKWITH
Acting United States Attorney
ALEXIS KLEIN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>KHURSHEED HAIDER,<br><br>        Defendant. | CASE NO. 2:23-CR-00299 DC<br><br>PLEA AGREEMENT<br><br>DATE:<br>TIME:<br>COURT:  Hon. Dena Coggins |

## I.   INTRODUCTION

### A.   Scope of Agreement.

The Indictment in this case charges the defendant with a violation of 18 U.S.C. § 2252(a)(2) – Distribution of Child Pornography (Count One) and a violation of 18 U.S.C. § 2252(a)(4)(B) – Possession of Child Pornography (Count Two). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.   Court Not a Party.

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

concerning the criminal activities of defendant, including activities which may not have been charged in the Indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw defendant's guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.     DEFENDANT'S OBLIGATIONS

### A.     Guilty Plea.

The defendant will plead guilty to Count One, Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). The defendant agrees that he is in fact guilty of this crime and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

1. Custodial Status.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and the defendant agrees that he will remain in custody upon the entry of his plea.

### B.     Sentencing Recommendation.

Count One carries a 5-year mandatory minimum sentence of imprisonment. The defendant and

his counsel may recommend any custodial sentence they deem appropriate but no less than the mandatory statutory minimum (meaning a sentence of imprisonment of 5 years or more). The defendant and his counsel will further recommend a term of supervised release of at least 10 years (with conditions set by the Court), a mandatory special assessment of $5,100, as set forth in 18 U.S.C. §§ 3013 and 3014, restitution as determined by the Court, forfeiture of the items in section II.G., a fine as determined by the Court, and registration as a sex offender.

### C. Restitution.

The defendant agrees the conduct to which he is pleading guilty requires him to pay mandatory restitution to the victim(s) of his crimes under 18 U.S.C. § 2259. The defendant agrees to pay restitution to the victims of his crimes for the total loss as a result of the conduct. The defendant understands the compensable losses may range from $1,000 up to $100,000. The defendant understands the amount of restitution will be determined by the Court. Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

Further, pursuant to 18 U.S.C. § 3663(a)(1) or (3663(a)(3), the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any Chapter 110 offenses, charged or uncharged, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. The defendant agrees to pay between $3,000 and $35,000 per victim if the victim submits a sufficient restitution claim.

Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if any of the victims' losses are not ascertainable prior to sentencing.

Defendant agrees that all criminal monetary penalties imposed by the court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government. Defendant agrees that any payment schedule or plan set by the court is merely a minimum and does not foreclose the United States from collecting all criminal monetary penalties at any time through all available means.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part

of such obligation in any bankruptcy proceeding.

Defendant shall not sell, encumber, transfer, convey, or otherwise dispose of any of his assets without prior written consent of the United States Attorney, except that the defendant may sell, transfer or convey personal property (including used vehicles and personal items, but not financial instruments, ownership interests in business entities or real property) with an aggregate value of less than $5,000.

Payment of restitution shall be by cashier's or certified check made payable to the Clerk of the Court.

### D. Fine.

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is defendant's burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offense.

### E. Special Assessment.

The defendant agrees to pay a special assessment as ordered by the Court at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant agrees that this special assessment will include:

1. A mandatory special assessment of $100 under 18 U.S.C. § 3013; and
2. A mandatory special assessment of $5,000 under 18 U.S.C. § 3014 because the defendant agrees that he is a non-indigent person for purposes of 18 U.S.C. § 3014.
3. A discretionary special assessment of up to $35,000 under 18 U.S.C. § 2259A.

### F. Violation of Plea Agreement by Defendant/Withdrawal of Plea.

If the defendant violates this plea agreement in any way, withdraws defendant's plea, or tries to withdraw defendant's plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no

longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

///

### G. Forfeiture.

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253(a). Those assets include, but are not limited to, the following:

1. iPhone 12 Pro Max, IMEI 357014748230984, Serial Number F2LFXNW60D46, and
2. Apple MacBook Pro laptop, Serial Number C02VT1E5HV2M.

The defendant agrees that the listed assets were used to commit and to promote the commission of a violation of 18 U.S.C. § 2252(a).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets, and all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### H. Asset Disclosure.

The defendant agrees to make a full and complete disclosure of defendant's assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Disclosure Statement" within three (3) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the

Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's Office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.F above.

Defendant expressly authorizes the United States to immediately obtain a credit report to evaluate defendant's ability to satisfy any monetary penalty imposed by the court. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

### III.    THE GOVERNMENT'S OBLIGATIONS

#### A.    Dismissals/Other Charges.

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Indictment, and agrees not to bring any other charges arising from the conduct outlined in the Factual Basis attached hereto as Exhibit A. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in the following sections: Violation of Plea Agreement by Defendant/Withdrawal of Plea; and Waiver of Appeal and Collateral Attack herein.

#### B.    Recommendations.

1.    Sentencing Recommendation.

The government will recommend a sentence of imprisonment at or below the mid-range of the guidelines range as calculated by the Court, plus a 10-year term of supervised release (with conditions set by the Court), a mandatory special assessment of $5,100, as set forth in 18 U.S.C. §§ 3013 and 3014, restitution as determined by the Court to victims, forfeiture of the items in section II.G., a fine as determined by the Court, and registration as a sex offender.

2.    Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if the defendant clearly demonstrates acceptance of responsibility for defendant's conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the

preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G. § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C. Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including Victim Impact Statements, and answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, defendant's attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, 18 U.S.C. § 2252(a)(2) – Distribution of Child Pornography (Count One) (adapted from Ninth Circuit Model Jury Instruction 20.22):

1. The defendant knowingly distributed a visual depiction using any means or facility of interstate or foreign commerce, that had been shipped and transported in and affecting interstate and foreign commerce, or which contained materials that had been mailed and so shipped and transported by any means, including by computer;

2. The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct (actual or simulated);

3. Such visual depiction was of a minor engaged in sexually explicit conduct;

4. The defendant knew that such a visual depiction was of sexually explicit conduct; and

5. The defendant knew that at least one of the persons engaging in sexually explicit conduct in such visual depiction was a minor.

The defendant fully understands the nature and elements of the crime charged in the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with defendant's attorney.

## V. MAXIMUM SENTENCE

### A. Maximum Penalty.

The maximum sentence that the Court can impose on Count One of the Indictment is 20 years in prison, with a mandatory minimum sentence of 5 years, a fine of $250,000, a term of supervised release

of at least 5 years up to life, an assessment under the AVAA of $35,000, and a special assessment of $5,100. By signing this plea agreement, the defendant also agrees that the Court will order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B. Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release. In certain circumstances, when a person is required to register as a sex offender and then commits certain other federal sex offenses, the court may revoke the supervised release and impose a prison sentence of at least 5 years. 18 U.S.C. § 3583(k). The Supreme Court has held (*United States v. Haymond*, 139 S. Ct. 2369 (2019)) that such a revocation requires a finding by a jury, however, not by a judge.

## VI.   SENTENCING DETERMINATION

### A. Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Estimated Guideline Calculation.

The government and the defendant agree that the following is their present best estimate of the sentencing guidelines variables. These estimates shall not be binding on the Court, the Probation Office,

or the parties:

1. <u>Base Offense Level:</u>   22  (§ 2G2.2(a)(2))
2. <u>Specific Offense Characteristics:</u>
   a. + 2  (2G2.2(b)(2) – minor under 12)
   b. + 2  (2G2.2(b)(3)(F) – distribution)
   c. + 4  (2G2.2(b)(4) – both sadistic and infant/toddler)
   d. + 2  (2G2.2(b)(6) – use of computer)
   e. + 5  (2G2.1(b)(7)(D) – 600+ images)
3. <u>Acceptance of Responsibility:</u>   – 3 (*if III.B.2. is satisfied*)
4. <u>Adjusted Offense Level:</u>   34
5. <u>Criminal History:</u> The parties estimate, but do not stipulate, that the defendant's criminal history category will be I.
6. <u>Sentencing Range:</u>   151-188 months
   a. The defendant understands that if the criminal history category or the guidelines provisions as calculated by the Court differ from the parties' estimates, defendant's Guidelines sentencing range may differ from that set forth here.

Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines. The defendant reserves the right to argue for a variance from the Guidelines range determined by the Court based on the factors set forth in 18 U.S.C. § 3553(a), but only down to the statutory minimum sentence of 5 years. The government reserves the right to argue against any variance.

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on defendant's behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be

compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal defendant's guilty plea, conviction, and sentence. The defendant agrees as part of defendant's plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate defendant's plea, dismiss the underlying charges, or modify or set aside defendant's sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.F. herein.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

PLEA AGREEMENT                                11

### D. Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if he is not a citizen of the United States or is a naturalized citizen. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. The defendant and defendant's counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 U.S.C. § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is defendant's automatic removal from the United States.

### E. Sex Offender Registration.

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. The defendant understands that he shall keep defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in California following release from prison, he will be subject to the registration requirements of Penal Code § 290. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction. As a condition

of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 6/18/25

MARK REICHEL
Attorney for Defendant Khursheed Haider

### B.   Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement.

///

///

Finally, I am satisfied with the representation of my attorney in this case.

Dated: 6/18/25

_____
KHURSHEED HAIDER
Defendant

C.  **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: June 18, 2025

MICHELE BECKWITH
Acting United States Attorney

_____
~~ALEXIS KLEIN~~ JASON HITT
Assistant United States Attorney

PLEA AGREEMENT                                14

# EXHIBIT "A"

## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On or about October 30, 2023, the defendant, Khursheed Haider, within the Eastern District of California, used the internet, an internet-based application, and an Apple iPhone and/or laptop to knowingly distribute one or more visual depictions of a minor engaging in sexually explicit conduct, knowing this material showed a minor engaging in sexually explicit conduct.

The defendant was a member of a number of on-line groups dedicated to sharing information, images, and/or videos of child sexual abuse for sexual gratification. On or about October 30, 2023, the defendant, using the internet and an internet-based application, posted an mp4 video in one of these groups that was approximately 45 seconds long. This video depicted a pre-pubescent boy being sexually abused by an adult male and included acts of digital penetration and masturbation. The defendant separately maintained copies of this video, bearing the same file name, on his iPhone and laptop. This video was a visual depiction that involved the use of a minor and was of a minor engaged in sexually explicit conduct. The defendant knew this, and knew the pre-pubescent child depicted in the video was undisputably a minor.

The defendant also used the same internet-based application to post, receive, and discuss other videos and content depicting the sexual abuse of babies and children, including videos depicting physical torture and rape, babies and children crying and squirming in pain as they are being sexually abused, beastiality, and BDSM.

The Federal Bureau of Investigation conducted forensic reviews of digital devices that were seized pursuant to search warrants executed in this case. Agents located more than 600 images and videos of child sexual abuse material during their review.

I have reviewed the "Factual Basis" information above with my attorney, and agree that it is accurate.

Dated: 6/18/25

KHURSHEED HAIDER, Defendant

PLEA AGREEMENT          A-1