ERIC GRANT
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KUHRSHEED HAIDER,<br><br>Defendant. | CASE NO. 2:23-CR-00299 DC<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States, by and through Assistant United States Attorney Jason Hitt, respectfully submits this sentencing memorandum for defendant Kuhrsheed Haider ("defendant" or "Haider"). *See* ECF 72.

The government has no objections to the statement of material facts or sentencing classifications set forth in the Presentence Investigation Report ("PSR"), dated November 25, 2025. ECF 72.

**Government's Sentencing Recommendation/Analysis**

The United States respectfully recommends that the Court sentence the defendant to **120 months prison** based upon consideration of the applicable Guidelines range and multiple aggravating § 3553(a) factors.

The Sentencing Guidelines yield a range of 108–135 months in prison. In consideration of the serious nature of Haider's crime, his self-awareness of knowing that what he was doing was wrong, his advanced training in addiction as a physician but failing to take action to help himself, and the need to provide just punishment for his crimes and deter others from engaging in this conduct, the government

recommends a sentence of 120 months to meet the sentencing goals of § 3553(a). In this case, Haider "was a member of several online groups that involved downloading and sharing child sexual abuse material including images of prepubescent minors, anal penetration, and images depicting physical torture and bestiality." ECF 72-1, PSR Sentencing Justification, at 1. As he now recognizes, Haider's participation in illicit online groups seeking child sexual abuse material helped fuel a marketplace of online criminals that causes further victimization of children. *See* PSR ¶ 16 ("I was not just an onlooker, I was making [the creation] of a community consumer market. I am the reason they are putting this stuff on the market. They do it because there are bad people like me. I was causing damage to these kids."). To his credit, Haider expresses remorse for what he did, PSR ¶ 16, and, more importantly, he is taking steps to better himself by seeing a mental health professional and taking medication for depression while incarcerated. That said, a sentence of only 60 months would not serve as deterrent to other online criminals engaged in this type of behavior, nor would it provide just punishment for the heinous items sought and obtained by Haider. Moreover, after release from prison in this case, Haider will inevitably face significant challenges in not returning to a pattern of behavior in seeking this material out because it had become a coping mechanism based upon events early in his life. As such, a significant period of incarceration will give him enough time for him to prepare not to reoffend after his custodial term is complete.

      In sum, a sentence of 120 months in prison is sufficient but not greater than necessary to punish Haider for his crimes, deter other online criminal from engaging in this type of behavior, and it strikes a balance between his background of success as a professional and his serious criminal conduct.

**Forfeiture**

The government provides one additional note on the issue of forfeiture. On July 2, 2025, the government filed a preliminary order of forfeiture. Consistent with the language provided in the PSR, the government respectfully requests that the Court state that "the preliminary order of forfeiture filed on July 2, 2025 is hereby made final as to this defendant and shall be incorporated into the judgment." PSR 72-1, Sentencing Recommendation, at 3.

Dated:  January 2, 2026

ERIC GRANT
United States Attorney

By:  /s/ *Jason Hitt*
JASON HITT
Assistant United States Attorney